Jessica **RODRIGUEZ–FREYTAS,**
Plaintiff–Appellee,

v.

**NEW YORK CITY TRANSIT
AUTHORITY, Defendant–
Appellant.**

No. 01–9443.

United States Court of Appeals,
Second Circuit.

April 27, 2004.

Leon Friedman, New York, NY, for Appellee.

Richard Schoolman, New York, NY, for Appellant.

Present: MESKILL, NEWMAN, and POOLER, Circuit Judges.

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **VACATED AND REMANDED.**

We are asked on this appeal to review a judicial award of attorney's fees in the context of a civil rights action that was discontinued pursuant to a settlement agreement.

Plaintiff-appellant Jessica Rodriguez–Freytes commenced this action on August 18, 1999, by filing a complaint in the U.S. District Court for the Eastern District of New York. In her complaint, she alleged that the New York City Transit Authority ("NYCTA"), which employed her as a train operator, "ha[d] implemented a custom, policy and practice of removing pregnant train operators from active work shortly after learning that the individual is pregnant and despite the fact that the pregnant individual is not disabled, all of which is done because such train operators are pregnant. Similarly situated non-pregnant train operators are permitted to continue working." [**Complaint ¶ 5**] The complaint alleges that this amounts to discrimination in violation of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

The parties eventually negotiated a settlement pursuant to which NYCTA would pay Ms. Rodriguez–Freytes back pay in the amount of $16,518.60, and damages for emotional distress in the amount of $25,000.00, for a total of $41,518.60. Judge Gleeson subsequently issued a "Settlement and Order of Dismissal," which acknowledged the settlement agreement and dismissed the action subject to Ms. Rodriguez–Freytas's reservation of the right to apply for attorney's fees.

Ms. Rodriguez–Freytes subsequently moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k). In a Report and Recommendation, dated September 14, 2001, Magistrate Judge Azrack found that an award in the amount of $14,712.50 was appropriate. This figure was approved by Judge Gleeson in an Order, dated October 15, 2001 ("the October 15th Order").

Numerous federal statutes, including § 1988 and § 2000e–5(k), allow courts to award attorney's fees and costs to the "prevailing party." In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which was decided shortly before the October 15th Order was issued, the Supreme Court considered whether what is commonly known as "the catalyst theory" may serve as a basis for attorney's fees pursuant to these statutes. The catalyst theory asserts that a plaintiff may be considered a prevailing party in a case in which the defendant's voluntary action moots the lawsuit by providing the relief sought by the plaintiff.

The Supreme Court held that the catalyst theory may not serve as a basis of an award of attorney's fees because the phrase "prevailing party" does not "authorize[ ] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit," achieves a desired result "without obtaining any judicial relief." 532 U.S. at 606. Judicial relief is relief that amounts to a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. Thus, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit,

lacks the necessary judicial *imprimatur* on the change." *Id.*

In *Buckhannon,* the voluntary action which mooted the lawsuit was the defendant State's unilateral decision to repeal the regulations being challenged in the suit. *Buckhannon,* however, has been read by our Circuit to be applicable to situations in which a lawsuit is mooted by bilateral voluntary action, such as the conclusion of a settlement agreement among the parties which disposes of all issues raised by the suit. Thus, *Union of Needletrades, Industrial and Textile Employees v. INS,* 336 F.3d 200, 206 (2d Cir.2003), involved a situation in which the parties "jointly reported [to the court] that they had 'settled all of the substantive issues in the case.'" We held that even though the plaintiff "may have accomplished the objective it sought to achieve by initiating" the lawsuit, "its failure to secure either a judgment on the merits or a court-ordered consent decree renders it ineligible for an award of attorney's fees under *Buckhannon.*" *Id.*

The instant case was also settled by an agreement negotiated by the parties. Although Ms. Rodriguez–Freytas received a monetary award pursuant to that settlement, it is uncontested that, as in *Needletrades,* "[t]he district court never granted [her] any relief on the merits," nor did "the district court order a consent decree or endorse, or retain jurisdiction over, [the] settlement agreement." 336 F.3d at 206. According to *Buckhannon,* she cannot be considered a prevailing party, and is therefore not entitled to attorney's fees.

We therefore vacate the October 15th Order. We are, however, sensitive to the fact that the settlement agreement in this case was negotiated pre-*Buckhannon,* when it would have been reasonable for Ms. Rodriguez–Freytas to believe that she was entitled to an award of attorney's fees. In the interests of fairness, we therefore remand this action to the district court with instructions that it afford the parties an opportunity to re-negotiate the settlement agreement in the form of a consent decree over which the district court would retain jurisdiction for the purpose of enforcement. Should either of the parties decline this opportunity, Ms. Rodriguez–Freytas should be given the option to either: (1) cancel the settlement agreement and proceed toward an adjudication on the merits or (2) confirm the settlement agreement and forgo the attorney's fees awarded to her by the October 15th Order.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **VACATED AND REMANDED.**